

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00230-CR

**WILLIAM RESTO,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F39156

## MEMORANDUM  OPINION

Resto appeals his convictions for two counts of sexual assault of a child and two counts of indecency with a child by sexual contact, the punishment being enhanced to that for a first-degree felony by Resto's prior felony adjudication.  *See* TEX. PENAL CODE ANN. § 12.42(b), (f) (Vernon Supp. 2007), § 21.11(a)(1), (c) (Vernon 2003), § 22.011(a)(2) (Vernon Supp. 2007).  We affirm.

In one issue, Resto contends that the trial court erred in allowing Resto to represent himself at trial.  Resto moved the trial court to allow Resto to "[r]epresent [him]self with legal counsel," that is, appointed standby counsel.  (21 R.R. at 4.)  The trial court granted

Resto's motion.[1] Resto is represented by appointed counsel on appeal. We understand that Resto complains that the trial court did not, *sua sponte,* make "further inquiry" into Resto's competence to represent himself at trial. (*See* Br. at 11.)

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. But "the Sixth and Fourteenth Amendments" also "include a 'constitutional right to proceed *without* counsel when' a criminal defendant 'voluntarily and intelligently elects to do so.'" *Indiana v. Edwards,* 128 S. Ct. 2379, 2383 (2008) (quoting *Faretta v. California,* 422 U.S. 806, 807 (1975) (emphasis in *Faretta*)); *see* U.S. CONST. amend. XIV, § 1.

The United States Supreme Court held in *Faretta v. California,* "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits." *Faretta,* 422 U.S. at 835 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464-65 (1938)); *see Edwards,* 128 S. Ct. at 2383. The Texas Court of Criminal Appeals has held in *Martin v. Texas*, "*Faretta* does not mandate . . . an inquiry concerning [the] appellant's age, education, background, or previous mental health history in every

---

[1] We assume without deciding that Resto preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Fuller v. State,* 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *Cameron v. State,* 241 S.W.3d 15, 22 (Tex. Crim. App. 2007); *Cruz v. State,* 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Buchanan v. State,* 207 S.W.3d 772, 775 (Tex. Crim. App. 2006); *Reyna v. State,* 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); *Neal v. State,* 150 S.W.3d 169, 175 (Tex. Crim. App. 2004); *Collier v. State,* 959 S.W.2d 621, 626 (Tex. Crim. App. 1997).

instance where an accused expresses a desire to represent himself, for the record may otherwise be sufficient to make 'an assessment of his knowing exercise of the right to defend himself.'" *Martin v. State,* 630 S.W.2d 952, 954 (Tex. Crim. App. 1982) (quoting *Faretta* at 836) (emphasis omitted) (some internal quotation marks omitted).

Resto relies primarily upon the United States Supreme Court's opinion in *Indiana v. Edwards. See Edwards,* 128 S. Ct. 2379. In *Edwards,* the Supreme Court holds that "the Constitution does not forbid a State . . . to insist" that a "defendant proceed to trial with counsel, the State thereby denying the defendant the right to represent himself." *Id.* at 2381. Resto concedes "that the *Edwards* case does not explicitly provide for a new legal standard for pro se criminal defendants." (Br. at 11.) Resto nonetheless argues, "arguing in the obverse, *Edwards* would seem to indicate that further inquiry, of the very sort the Court Criminal Appeals found unnecessary in *Martin,* should be undertaken by trial judges in instances where criminal defendants whose competence is in doubt . . . seek to represent themselves." (*Id.*); *see Martin,* 630 S.W.2d 952.

Under the United States Constitution, "a State may . . . permit a gray-area defendant," that is, a defendant who satisfies *Dusky v. United States*'s standard for mental competence but might not satisfy some higher standard, "to represent himself." *Edwards,* 128 S. Ct. at 2385 (citing *Godinez v. Moran,* 509 U.S. 389 (1993)) (emphasis omitted); *see Dusky v. United States,* 362 U.S. 402 (1960). *Edwards* does not overrule or even challenge that prior law. *See Edwards* at 2388. *Edwards* does, however, expressly decline to adopt a different standard. *Id*.

Resto does not suggest how the trial record is not sufficient for the trial court to make an assessment of Resto's knowing exercise of the right to defend himself.[2] Most of what Resto points to as reasons Resto was not mentally competent to represent himself, for example, his reference to his prior adjudication during his examination of the venire panel, concerns instead Resto's "technical legal knowledge," which *Edwards* expressly holds "not relevant" to the mental-competence evaluation. *See Edwards,* 128 S. Ct. at 2385 (quoting *Moran,* 509 U.S. at 400; *Faretta,* 422 U.S. at 836); *see Edwards* at 2386-87. The trial court had before it the reports of psychological examinations of Resto's sanity and his mental competence for trial. Those reports consider most of the *Martin* factors that Resto urges us to require the trial court to inquire into. *See Martin,* 630 S.W.2d at 954.

Resto does not show that the trial court erred in granting Resto's motion to represent himself. We overrule Resto's issue.

Having overruled Resto's sole issue, we affirm.


TOM GRAY
Chief Justice

---

[2] The trial court found:

Defendant clearly and unequivocally declared that he wanted to represent himself.
Defendant wished to waive his right to counsel.
Defendant's waiver is voluntarily and intelligently made.
The Court advised Defendant of the dangers and disadvantages of self-representation.
The Court advised Defendant that he would be required to follow trial procedure.

(1 C.R. at 201.)

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Affirmed
Opinion delivered and filed September 17, 2008
Do not publish
[CRPM]