**Opinion filed April 9, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00316-CR

———————

## NORRIS CORNETT, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33336**

### M E M O R A N D U M   O P I N I O N

The jury convicted Norris Cornett, Jr. of burglary of a habitation. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty-five years. Appellant challenges his conviction in three issues. We affirm.

*Background Facts*

The indictment alleged that appellant burglarized a habitation owned by Raul Ramirez. Ramirez testified that he resided at 108 North Marshall in Midland in February 2007. He had resided

at the home located at this address for the previous ten months. However, he was in the process of moving to another home, and all of his belongings were packed in boxes in preparation for the move.

On February 12, 2007, Ramirez discovered various items missing from the home, including his clothes, his son's clothes, food from the refrigerator, some tools, and his son's bicycle. He also noticed that a bedroom window had been broken. Ramirez decided to stay at the house for the next few days out of concern that the person who took his items would return looking for more of his tools. On February 14, 2007, he heard someone enter a bedroom window that had been previously broken. Ramirez testified that he observed appellant inside the bedroom. He further testified that appellant fled from the home when confronted.

Ramirez subsequently encountered appellant at a soup kitchen five or six days later. Ramirez testified that he told appellant to bring his stuff back and that appellant agreed to do so. Ramirez subsequently encountered appellant a second time at a liquor store. He testified that appellant was wearing his shirt on this occasion. Ramirez alerted the police of appellant's location at this time.

Detective Manuel Beltran of the Midland Police Department testified that he contacted appellant after Ramirez alerted the police of his whereabouts. When Detective Beltran confronted appellant with the allegation, appellant advised him that Ramirez probably had him confused with his best friend. Appellant subsequently did not identify the best friend to Detective Beltran. Appellant agreed to Detective Beltran's request to search his home. Detective Beltran's initial search of appellant's home did not reveal the presence of Ramirez's property. During his second search of appellant's home, Detective Beltran discovered a towel and a pair of men's boxer shorts that Ramirez subsequently identified as his.

*Sufficiency of the Evidence*

Appellant challenges the legal sufficiency of the evidence in his first issue. In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The jury, as the finder of fact, is the sole judge of the weight and credibility

2

of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

Appellant contends that there was legally insufficient evidence to establish that Ramirez's house constituted a habitation under the Penal Code. A "habitation" is a structure that is adapted for the overnight accommodation of persons and includes each structure appurtenant to or connected with the structure. TEX. PENAL CODE ANN. § 30.01(1)(B) (Vernon 2003). In *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989), the Texas Court of Criminal Appeals explained that "adapted" means "suitable." Factors to be considered in determining whether a structure is suitable for the overnight accommodation of persons include the following: (1) whether the structure was being used as a residence at the time of the trespass; (2) whether the structure contained bedding, furniture, utilities, or other belongings common to a residential structure; and (3) whether the structure was of such character that it was likely intended to accommodate persons overnight. 780 S.W.2d at 209. The determination whether a burglarized place is a "building" or "habitation" will be overturned on appeal only if appellant can show that no reasonable trier of fact could have found the place to have been a habitation under the criteria above. *Id*. at 209-10.

Although Ramirez was in the process of moving, he resided in the house at the time the initial burglary occurred. There is evidence that his clothes and tools were located in the house and that the refrigerator contained food. Ramirez continued to reside in the house after the initial burglary as evidenced by his presence at the time of the second break-in. There is legally sufficient evidence that Ramirez's house constituted a habitation because a rational trier of fact could have reasonably made this determination based upon the evidence offered at trial. Appellant's first issue is overruled.

*Jury Argument*

Appellant's second and third issues concern the prosecutor's comments during closing argument. Appellant challenges the following argument made by the prosecutor:

> [PROSECUTOR]: How about the Defendant? How about his credibility? The police go to question him. Again, there is one of the times where [Ramirez] called the police, "I know where he is," he still doesn't wind up getting arrested, but the police come and question him and [Ramirez] --

> [DEFENSE COUNSEL]: Your Honor, may we approach?

3

THE COURT:  Yes, sir.

(At Bench, on the record)

[DEFENSE COUNSEL]:  My client's testimony is improper, Your Honor. There was no testimony by police officers about my client.

THE COURT:  He said what?

[DEFENSE COUNSEL]:  I mean, other than he just went ahead and denied it.  He's going -- basically making argument against my client not testifying.

THE COURT:  There was testimony by the detective yesterday that as to what your client told him.

[DEFENSE COUNSEL]:  Yes, that somebody else did it, but you don't attack that credibility that way.  I think it's improper jury argument, Your Honor.

THE COURT: Try to avoid any reference to credibility.

(Counsel returned to their seats)

In his second issue, appellant contends that the prosecutor improperly commented on his failure to testify.  Appellant alleges ineffective assistance of counsel in his third issue based upon the manner that his trial counsel objected to the challenged jury argument.

A comment on a defendant's failure to testify offends both the Texas and United States Constitutions, as well as Texas statutory law.  U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005). A prosecutor's comment amounts to an impermissible comment on a defendant's failure to testify only if, when viewed from the jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify.  *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

We conclude that the challenged argument did not constitute an impermissible comment on appellant's failure to testify at trial.  As noted by the trial court, the challenged argument relates to appellant's statements to Detective Beltran rather than a comment on his failure to testify at trial.

4

This fact is evidenced by the prosecutor's argument immediately following the above-quoted exchange:

> When Detective Beltran confronts [appellant] with what the allegation is against him while Raul Ramirez is standing right there across the street, does he say "Oh, I've known this guy for a long time, we're bitter enemies, he's making this up about me?" Does he say anything about "Well, he thinks I stole something out of his truck, he's mad at me for that," no, he doesn't say any of this stuff. And in fact, ladies and gentlemen, there is no evidence of any of that stuff, because nobody except for statements made by the attorneys in this case, has ever brought that up in testimony, but we know the Defendant didn't say anything about it to the officer. Detective Beltran asked him about it, he said nothing about any of this stuff. What he told him was "Well, I think maybe he's confusing me with my good friend, by the way, I can't tell you anything about whatsoever, not even that he looks like me, even though this guy's supposed to have accused me of it." Doesn't mention any of this about the big conspiracy we're supposed to believe happened when he's asked about it by the detective.

The prosecutor's argument in this case is analogous to the argument reviewed in *Cruz* wherein the prosecutor's argument addressed a written statement from the defendant that was offered into evidence. 225 S.W.3d at 549-50. Appellant's second issue is overruled.

With respect to appellant's claim of ineffective assistance of counsel, he contends that trial counsel should have followed his objection with a motion for mistrial. To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and an appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal

circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id*.

Appellant contends that trial counsel's failure to move for a mistrial had the effect of failing to preserve his claim of improper jury argument for appellate review. We have determined that the prosecutor did not make an improper jury argument that commented on appellant's failure to testify at trial. Accordingly, trial counsel's failure to follow his objection with a request for a mistrial did not adversely affect appellant because there was no error to preserve for appellate review. To show ineffective assistance of counsel based on the failure to object during trial, appellant must show the trial court would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). The trial court would not have committed error in overruling a motion for mistrial. Thus, trial counsel's failure to object to the argument cannot constitute the basis of a claim of ineffective assistance of counsel. Appellant's third issue is overruled.

## This Court's Ruling

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

April 9, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.