Opinion filed April 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 9,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00316-CR 

                                                     __________

 

                                  NORRIS
CORNETT, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR33336                                                 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury convicted Norris Cornett, Jr. of burglary of a habitation.  The trial
court assessed his punishment at confinement in the Institutional Division of
the Texas Department of Criminal Justice for a term of twenty-five years. 
Appellant challenges his conviction in three issues.  We affirm.

                                                               Background
Facts








The
indictment alleged that appellant burglarized a habitation owned by Raul
Ramirez.  Ramirez testified that he resided at 108 North Marshall in Midland in
February 2007.  He had resided at the home located at this address for the
previous ten months.  However, he was in the process of moving to another home,
and all of his belongings were packed in boxes in preparation for the move. 

On
February 12, 2007, Ramirez discovered various items missing from the home,
including his clothes, his son=s
clothes, food from the refrigerator, some tools, and his son=s bicycle.  He also noticed
that a bedroom window had been broken.  Ramirez decided to stay at the house
for the next few days out of concern that the person who took his items would
return looking for more of his tools.  On February 14, 2007, he heard someone
enter a bedroom window that had been previously broken.  Ramirez testified that
he observed appellant inside the bedroom.  He further testified that appellant fled
from the home when confronted.  

Ramirez
subsequently encountered appellant at a soup kitchen five or six days later. 
Ramirez testified that he told appellant to bring his stuff back and that
appellant agreed to do so.  Ramirez subsequently encountered appellant a second
time at a liquor store.  He testified that appellant was wearing his shirt on
this occasion.  Ramirez alerted the police of appellant=s location at this time.

Detective
Manuel Beltran of the Midland Police Department testified that he contacted
appellant after Ramirez alerted the police of his whereabouts.  When Detective
Beltran confronted appellant with the allegation, appellant advised him that
Ramirez probably had him confused with his best friend.  Appellant subsequently
did not identify the best friend to Detective Beltran.  Appellant agreed to
Detective Beltran=s
request to search his home.  Detective Beltran=s
initial search of appellant=s
home did not reveal the presence of Ramirez=s
property.  During his second search of appellant=s
home, Detective Beltran discovered a towel and a pair of men=s boxer shorts that Ramirez
subsequently identified as his.

                                                        Sufficiency
of the Evidence








Appellant
challenges the legal sufficiency of the evidence in his first issue.  In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State,
17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The jury, as the finder of fact, is
the sole judge of the weight and credibility of the witnesses= testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

Appellant
contends that there was legally insufficient evidence to establish that Ramirez=s house constituted a
habitation under the Penal Code.  A Ahabitation@ is a structure that is
adapted for the overnight accommodation of persons and includes each structure
appurtenant to or connected with the structure.  Tex. Penal Code Ann. '
30.01(1)(B) (Vernon 2003).  In Blankenship v. State, 780 S.W.2d 198, 209
(Tex. Crim. App. 1989), the Texas Court of Criminal Appeals explained that Aadapted@ means Asuitable.@  Factors to be considered
in determining whether a structure is suitable for the overnight accommodation
of persons include the following: (1) whether the structure was being used as a
residence at the time of the trespass; (2) whether the structure contained
bedding, furniture, utilities, or other belongings common to a residential
structure; and (3) whether the structure was of such character that it was
likely intended to accommodate persons overnight.  780 S.W.2d at 209.  The
determination whether a burglarized place is a Abuilding@ or Ahabitation@
will be overturned on appeal only if appellant can show that no reasonable
trier of fact could have found the place to have been a habitation under the
criteria above.  Id. at 209‑10.

Although
Ramirez was in the process of moving, he resided in the house at the time the
initial burglary occurred.  There is evidence that his clothes and tools were
located in the house and that the refrigerator contained food.  Ramirez
continued to reside in the house after the initial burglary as evidenced by his
presence at the time of the second break-in.  There is legally sufficient
evidence that Ramirez=s
house constituted a habitation because a rational trier of fact could have
reasonably made this determination based upon the evidence offered at trial. 
Appellant=s first
issue is overruled.

                                                                  Jury
Argument

Appellant=s second and third issues
concern the prosecutor=s
comments during closing argument.  Appellant challenges the following argument
made by the prosecutor: 

[PROSECUTOR]: 
How about the Defendant?  How about his credibility?  The police go to question
him.  Again, there is one of the times where [Ramirez] called the police, AI know where he is,@ he still doesn=t wind up getting arrested,
but the police come and question him and [Ramirez] --

 

[DEFENSE
COUNSEL]: Your Honor, may we approach?

 








THE COURT:  Yes,
sir.

 

(At Bench, on
the record)

 

[DEFENSE
COUNSEL]:  My client=s
testimony is improper, Your Honor.  There was no testimony by police officers
about my client.

 

THE COURT:  He
said what?

 

[DEFENSE
COUNSEL]:  I mean, other than he just went ahead and denied it.  He=s going -- basically making
argument against my client not testifying. 

 

THE COURT: 
There was testimony by the detective yesterday that as to what your client told
him.

 

[DEFENSE
COUNSEL]:  Yes, that somebody else did it, but you don=t attack that credibility that way.  I think
it=s improper jury
argument, Your Honor.

 

THE COURT: Try
to avoid any reference to credibility.

 

(Counsel returned to their seats)

 

In his second
issue, appellant contends that the prosecutor improperly commented on his
failure to testify.  Appellant alleges ineffective assistance of counsel in his
third issue based upon the manner that his trial counsel objected to the
challenged jury argument. 

A
comment on a defendant=s
failure to testify offends both the Texas and United States Constitutions, as
well as Texas statutory law.  U.S.
Const. amend. V; Tex. Const.
art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 38.08
(Vernon 2005). A prosecutor=s
comment amounts to an impermissible comment on a defendant=s failure to testify only
if, when viewed from the jury=s
standpoint, the comment is manifestly intended to be, or is of such character
that a typical jury would naturally and necessarily take it to be, a comment on
the defendant=s
failure to testify.  Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App.
2007); Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).








We
conclude that the challenged argument did not constitute an impermissible
comment on appellant=s
failure to testify at trial.   As noted by the trial court, the challenged
argument relates to appellant=s
statements to Detective Beltran rather than a comment on his failure to testify
at trial.  This fact is evidenced by the prosecutor=s argument immediately following the
above-quoted exchange:

When
Detective Beltran confronts [appellant] with what the allegation is against him
while Raul Ramirez is standing right there across the street, does he say AOh, I=ve known this guy for a
long time, we=re
bitter enemies, he=s
making this up about me?@ 
Does he say anything about AWell,
he thinks I stole something out of his truck, he=s
mad at me for that,@
no, he doesn=t say any
of this stuff.  And in fact, ladies and gentlemen, there is no evidence of any
of that stuff, because nobody except for statements made by the attorneys in
this case, has ever brought that up in testimony, but we know the Defendant
didn=t say anything
about it to the officer.  Detective Beltran asked him about it, he said nothing
about any of this stuff.  What he told him was AWell,
I think maybe he=s
confusing me with my good friend, by the way, I can=t tell you anything about whatsoever, not even
that he looks like me, even though this guy=s
supposed to have accused me of it.@ 
Doesn=t mention any of
this about the big conspiracy we=re
supposed to believe happened when he=s
asked about it by the detective.

 

The prosecutor=s argument in this case is
analogous to the argument reviewed in Cruz wherein the prosecutor=s argument addressed a
written statement from the defendant that was offered into evidence. 225 S.W.3d
at 549‑50. Appellant=s
second issue is overruled.








With
respect to appellant=s
claim of ineffective assistance of counsel, he contends that trial counsel
should have followed his objection with a motion for mistrial.  To determine
whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999). We must indulge a strong presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance, and an appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Strickland, 466 U.S. at 689; Tong v.
State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). A[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.@
Strickland, 466 U.S. at 690. An allegation of ineffective assistance
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 814. 
Under normal circumstances, the record on direct appeal will not be sufficient
to show that counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s conduct
was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). Rarely will the record on direct appeal contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation.  Id.

Appellant
contends that trial counsel=s
failure to move for a mistrial had the effect of failing to preserve his claim
of improper jury argument for appellate review.  We have determined that the
prosecutor did not make an improper jury argument that commented on appellant=s failure to testify at
trial.  Accordingly, trial counsel=s
failure to follow his objection with a request for a mistrial did not adversely
affect appellant because there was no error to preserve for appellate review. 
To show ineffective assistance of counsel based on the failure to object during
trial, appellant must show the trial court would have committed error in
overruling the objection.  Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim.
App. 2004). The trial court would not have committed error in overruling a
motion for mistrial.   Thus, trial counsel=s
failure to object to the argument cannot constitute the basis of a claim of
ineffective assistance of counsel.  Appellant=s
third issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 9, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.