**David CRUZ, Appellant**

v.

**The STATE of Texas.**

**No. PD-0404-05.**

Court of Criminal Appeals of Texas.

June 6, 2007.

---

Bruce Ponder, El Paso, for appellant.

Tom A. Darnold, Asst. D.A., El Paso, Matthew Paul, State's Attorney, Austin, for state.

WOMACK, J., delivered the opinion for a unanimous Court.

The appellant was tried before an El Paso county jury for capital murder. During the State's closing argument, the following exchange occurred:

> [The State]: They want to say first that it's self-defense. Well, in order to have self-defense, what has to happen is someone says, "Yeah, I committed this crime. I committed this murder. I did this and I intended to do this because I was in fear of my life."
>
> [Defense Counsel]: Your Honor, we object. That is, number one, a comment on the Defendant's right to remain silent. Number two, that is not the law. You can deny it. You can say it was an accident and still say you acted in self-defense, and Counsel knows that's the law. We demand a mistrial.
>
> [The Trial Court]: Your objection is sustained. Your motion for mistrial is denied.

The jury found the appellant guilty and sentenced him to life in prison.

The Eighth Court of Appeals reversed, holding that the trial court erred in denying the appellant's motion for mistrial.[1] We granted the State's petition for discre-

---

1. *Cruz v. State,* 224 S.W.3d 226 (Tex.App.-El    Paso 2005).

tionary review, which asked us to determine whether (1) the Court of Appeals erred in holding the prosecutor's statements to be an impermissible comment on the appellant's failure to testify; (2) the Court erred in holding that the prejudice from such error was incurable; and (3) the appellant has sufficiently preserved error for appellate review.

■ In its third ground for review, the State contends the appellant has not preserved error for appeal because he failed to request an instruction to disregard the objectionable statements before moving for mistrial. —

■ We have previously said that while the "traditional and preferred procedure" for a party to preserve error is to (1) object in a timely manner, (2) request an instruction to disregard, and (3) move for mistrial if the instruction to disregard seems insufficient, such a sequence is not essential to preserve complaints for appellate review.[2] The only essential requirement to ensure preservation is a timely, specific request that is refused by the trial court.[3]

■ A request for an instruction to disregard is essential to the preservation of error only when such an instruction could have had the effect desired by the requesting party. If such an instruction would not be sufficient—that is, if the harm caused by the objectionable statements is incurable—then the defendant is entitled to a mistrial, and the denial of the motion for mistrial is sufficient by itself to preserve error for appellate review.[4]

When, as in this case, the appellant moved for mistrial without delay, even though the motion was not preceded by an instruction to disregard, appellate review is limited to whether the trial court erred in denying the motion for mistrial.[5] We overrule the State's third ground for review.

■ In its first ground the State contends that the Court of Appeals erred in finding the prosecutor's statements to be an impermissible comment on the appellant's failure to testify.

■ It is settled law that neither the trial judge nor the prosecution may comment on the defendant's failure to testify, and that any such comment violates the Fifth Amendment privilege against self-incrimination.[6]

To violate the right against self-incrimination, the offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear. It is not sufficient that the language might be construed as an implied or indirect allusion. The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character.[7]

Here, the State argues that although the prosecutor used the word "I" in a state-

**2.** *Young v. State*, 137 S.W.3d 65, 69 (Tex.Cr. App.2004).

**3.** *Ibid.* (citing R.App. Pro. 33.1(a)).

**4.** *Id. See Barnett v. State*, 189 S.W.3d 272 (Tex.Cr.App.2006).

**5.** *Young*, 137 S.W.3d, at 70.

**6.** *Griffin v. California*, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex.Cr. App.2001). See Code Crim. Proc. art. 38.08.

**7.** *Bustamante*, 48 S.W.3d, at 765.

ment which seemingly referred to the defendant, it was merely a rhetorical device to explain to the jury the elements of the law of self-defense. Alternatively, the State contends the use of the word "I" was permissible in this context because the prosecutor was referring to the appellant's own written statement which had been admitted into evidence at trial.

The State's brief devotes much of its argument to when and why it is permissible for prosecutors to use the word "I" during trial in reference to the defendant, because the substance of the Court of Appeals' opinion turned on that specific issue. The Court of Appeals compared this case to two cases from this court in which prosecutors impermissibly used the word "I" as well:

> Examining the comment from the jury's standpoint, the *Cook* Court stated, "when the word 'I' is used in reference to something the defendant might have testified to, but did not, it is illogical to think that the jury is not reminded of the defendant's failure to testify." We find no distinction between the blatant and direct reference to evidence that could only have been supplied by Appellant in this case and the improper arguments that were found deplorable in *Cherry* and *Cook.*[8]

The Court of Appeals' opinion, following *Cook,* seems to imply that the use of the word "I" is almost *per se* impermissible, and therefore the briefs to this court focus on whether or not that is true. There is, however, no particular "trigger" word or phrase that makes any jury argument automatically improper. Rather, any objectionable argument should be evaluated on

a case-by-case basis for what it would "necessarily and naturally" mean to a jury when taken in the full context of its utterance. What determines the impermissibility of a reference to the defendant's failure to testify is not the use of "I" or "he" or "she" or any other word, but rather the entirety of the prosecutor's statements, taken in the context in which the words were used and heard by the jury.

Here, the Court of Appeals focused on the use of the word "I" and therefore analogized this case to *Cherry* and *Cook.* But neither of those cases involved the admission into evidence of the defendant's own written confession, as was the case here. In that respect, the case at hand is more analogous to *Wolfe v. State,*[9] in which we held that a prosecutor's reference in jury argument to information not provided by a defendant at trial was not a comment on the defendant's failure to testify when the defendant's own exculpatory statement was admitted into evidence.[10]

The context of the statement in this case shows that the prosecutor's statements specifically referred to the appellant's written statement, which was the basis for the appellant's self-defense argument. Indeed, there are several references in the record to what the appellant did or did not say in his statement—including statements by the appellant's own trial counsel—because self-defense was a critical issue for the jury to decide. In fact, both parties argued the issue to the jury extensively, after the issue itself was presented via the appellant's own written statement. Simply put, as in *Wolfe,* it is clear from the record that the prosecutor's statements to the jury referred to the appellant's own writ-

---

**8.** *See Cruz, supra* note 1 (citing *Cherry v. State,* 507 S.W.2d 549 (Tex.Cr.App.1974) and *Cook v. State,* 702 S.W.2d 597 (Tex.Cr.App.1984)).

**9.** 917 S.W.2d 270 (Tex.Cr.App.1996).

**10.** *Id.* at 280. *See also Lopez v. State,* 170 Tex.Crim. 208, 213–14, 339 S.W.2d 906, 910–11 (1960).

ten statement which had been admitted into evidence and were therefore not a comment on the appellant's failure to testify. The State's first ground for review is sustained.

Having sustained the State's first ground by holding that the trial court did not err, we need not address the remaining ground, which concerned the harmfulness of the ruling if it were erroneous. We vacate the judgment of the Court of Appeals and remand the case to that court for consideration of the appellant's remaining points of error.