

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00065-CR

_____

FREDRICK LEE SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Second Judicial District Court
Cherokee County, Texas
Trial Court No. 15912

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In 2005, Fredrick Lee Sanders entered a plea of guilty in Cherokee County to the offense of possession of a controlled substance (cocaine)[1] and was sentenced to two years' confinement in a state-jail facility. However, pursuant to a plea agreement, the trial court deferred a finding of guilt and placed Sanders on community supervision for seven years. The State later filed a motion asking the trial court to adjudicate Sanders guilty and revoke his community supervision. After a hearing on that motion, the trial court found Sanders violated the terms of his community supervision by committing the offense of criminal trespass and by failing to report to his supervising officer; the trial court then adjudicated Sanders guilty and sentenced him to two years' incarceration. Sanders then perfected his appeal of that order to the Twelfth Court of Appeals; the Texas Supreme Court transferred his appeal to this Court pursuant to the Texas Supreme Court's docket equalization program. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

Sanders's complaint on appeal is that the trial court erroneously considered his failure to testify at the revocation hearing and used that failure to testify in determining his sentence. After presentation of evidence and argument by counsel, the trial court stated:

> It may be the two years in state jail is not going to address the drug issue as SAFPF[2] would. [Defendant] hadn't indicated any desire to go to SAFPF which would be an indication that he wanted some help in that regard. But there comes a time with a

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003).

[2]*See* TEX. GOV'T CODE ANN. § 493.009 (Vernon Supp. 2008).

2

history like this and new offenses, not complying with probation, that you have got to do something.

Sanders complains, based on the United States[3] and Texas Constitutions,[4] the trial court acted to deny Sanders his basic constitutional protections against compelled testimony.

We disagree with Sanders's view of the record. We find that rather than commenting on Sanders's failure to testify, the trial court simply was referencing evidence presented by one of the State's witnesses.

Early in the hearing, Sanders's community supervision officer, Nancy Scruggs, testified that she had supervised Sanders for about a year and a half, that Sanders had a drug abuse problem which impeded his ability to maintain steady employment, and that on three or four occasions, she had discussed SAFPF with Sanders, but that "he didn't want to go to SAFPF." Scruggs went on to opine that it was her opinion that Sanders needed intensive in-patient therapy for his addictions (as opposed to mere counseling), noting that although he had been admitted to four different facilities offering such counseling therapy, he had never stayed to complete any of the programs.

Sanders cites *Carroll v. State*, 42 S.W.3d 129 (Tex. Crim. App. 2001), to support his argument. Sanders is correct that *Carroll* held that a defendant has a Fifth Amendment right against self-incrimination at sentencing and that in that case, the trial court erred by instructing Carroll to the contrary and then considering Carroll's invocation of that right against her when determining her

---

[3]*See* U.S. CONST. amend. V.

[4]*See* TEX. CONST. art. I, § 10.

3

punishment. *Id.* at 133. However, the factual underpinnings of that case were substantially different from those at Sanders's adjudication hearing. Carroll pled guilty and testified at the guilt/innocence phase of trial that the State's allegations were true. At a later punishment hearing, the trial court told Carroll's attorney that should Carroll avail herself of her right against self-incrimination, the court would consider that invocation as a circumstance against her when determining her punishment. Conversely, the trial court's statement here reflected evidence which had been adduced at the hearing: that Sanders had told his supervision officer he did not want to go to a SAFPF and that Sanders had failed on four other occasions to complete in-patient treatment programs. *Cf. Cruz v. State*, 225 S.W.3d 546, 549–50 (Tex. Crim. App. 2007) (prosecutor's closing jury arguments referred to defendant's own written statement which had been admitted into evidence and was, therefore, not a comment on defendant's failure to testify); *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004) (when defendant makes a statement which is admitted into evidence, the State's references to statement and comparison between the statement and other evidence collected is not a comment on defendant's failure to testify or his right to remain silent).

The trial court's statements here were not a comment on Sanders's failure to testify. The trial court merely made reference to testimony which had been presented regarding Sanders's lack of interest in entering a SAFPF; nothing in his counsel's arguments or statements to the trial court indicated Sanders wanted to be considered for such a program. We overrule Sanders's points of error.

We affirm the judgment.

Bailey C. Moseley
Justice

Date Submitted:     September 11, 2008
Date Decided:       October 7, 2008

Do Not Publish