Opinion issued July 1, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00097-CR

———————————

Darius Elam, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 23rd District Court

Brazoria County, Texas



Trial Court Case No. 60672

 



 

MEMORANDUM OPINION

This is an
appeal from the trial court’s denial of habeas corpus relief.  See
Tex. R. App. P. 31.  After his first trial ended in a mistrial at
his request, appellant, Darius Elam, filed a habeas application with the trial
court, requesting that any subsequent prosecution be barred.  Appellant’s petition asserted that the double
jeopardy clauses of the federal and state constitutions prohibited retrial
because the prosecutor’s conduct was “intended to provoke or goad defense
counsel into moving for mistrial.”  After
holding a hearing on the issue, the trial court denied habeas relief.  We affirm.

BACKGROUND

In January 2009, appellant was
brought to trial on an indictment alleging that he bribed a public servant.  Specifically, he was charged with offering
money to Darnell Chisolm, a Texas Department of Criminal Justice (“TDCJ”)
correctional officer, in exchange for his bringing tobacco into the
tobacco-free Ramsey I Unit.

At that trial, Chisolm testified
that he was approached by an inmate named Keith Francis about what he called a
“money game.”  Chisolm said he was not
interested, but Francis “kept pushing for it.” 
Later that day, Francis introduced Chisolm to appellant.  Appellant explained the details of the
plan:  appellant would pay him $200 to
pick up seventy-five cans of tobacco from a “contact man” at a certain
location.  Appellant provided Chisolm
with a map showing the location and listing the contact name and phone number of
the person who would be delivering the tobacco. 
Evidence was produced at trial showing that the name on the map,
“Renee,” and the phone number belonged to appellant’s wife.  

Chisolm told appellant he “would
think about it,” then asked for a restroom break from the supervising officer,
and went to the lieutenant’s office to report the bribe.  At the lieutenant’s direction, Chisolm
returned to appellant’s cell and accepted the offer.  Chisolm asked for the money up front, and
appellant agreed and brought him the money wrapped in tissue paper.  Chisolm testified that cash money was
considered contraband at the unit.  

During the prosecutor’s closing
argument, appellant objected to a statement by the prosecutor on the ground
that the State was shifting its burden and commenting on the defendant’s
election not to testify.  The trial court
sustained the objection and conferred with the attorneys regarding a
solution.  The State suggested an
instruction to disregard.  When the jury
was brought back into the courtroom, the trial judge instructed the jury to
disregard the comment.  Appellant’s
counsel immediately moved for mistrial, which was granted by the trial court.

Following the mistrial, appellant
filed a pretrial habeas application, arguing that any subsequent prosecution
was barred, but the trial court denied relief.  


DISCUSSION

A.      Standard of
Review

The decision to grant or deny an
application for writ of habeas corpus is one within the trial court's
discretion and may be overturned only if the appellate court finds the trial
court abused its discretion.  Ex parte Wheeler, 203 S.W.3d 317, 323
(Tex. Crim. App. 2006); see also Kniatt
v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).   The reviewing court must view the facts in
the light most favorable to the trial court’s ruling and defer to all of the
trial court’s implied factual findings that are supported by the record.  Wheeler,
203 S.W.3d at 325–26.

B.      Applicable Law

When a trial court grants a
defendant’s motion for mistrial, the double jeopardy clause is not violated by
a second trial unless the State’s conduct giving rise to the motion was “intended
to ‘goad’ the defendant into moving for a mistrial.”  Oregon
v. Kennedy, 456 U.S. 667, 676, 102 S. Ct. 2083, 2089 (1982).  Under both the United States and Texas
Constitutions, retrial is barred following a mistrial at the defendant’s
request only if the prosecutor intentionally caused a mistrial.  Id.;
Ex parte Lewis, 219 S.W.3d 335, 371
(Tex. Crim. App. 2007) (adopting Oregon
v. Kennedy standard for determining whether retrial is barred by double
jeopardy provision of Texas Constitution following mistrial at defendant’s
request).  Accordingly, we must determine
whether the prosecutor in the present case intentionally caused a mistrial when
she made the complained of comment in her closing argument.

 

 

C.      Analysis

          In
his habeas application, appellant complained that the following rebuttal statement
by the prosecutor was intended to provoke or goad appellant to move for
mistrial:  “And ladies and gentleman, you
can’t turn your back on a name and phone number because that ties the defendant
he could not explain.”  Taken in context,
the prosecutor’s comment seems to be in response to appellant’s trial counsel’s
argument that attempted to place blame on Francis and make it look as though
appellant was set up.  The prosecutor
appears to be questioning how and why appellant’s wife’s name and phone number
were written on the map, if it was all a set up.  

In closing, trial counsel for
appellant argued:

Chevelle Brown provided one
piece of information.  That she purchased
a phone with that phone number, gave it to her mom.  Her mom’s name is Rene [sic].  But what she couldn’t provide and what she
couldn’t tell you is how that information got on this map.  In fact, there is no evidence of how that
information got on there.

 

We know from Mr. Dennis that
the doors of those cells were open almost all the time.  We don’t know what inmate could have seen
this information, could have used it, could have overheard Mr. Elam talking
about it.  That is what it comes down to
is we don’t know.

 

In
rebuttal, the State argued:

 

And the defense wants you to
believe that [Chisolm] made all this stuff up to save his job.  . . . 
Maybe he’s not the greatest employee in the world, but does it make him
dishonest?  I submit to you that it
doesn’t.  I think the evidence is very
clear that he was in a situation, these inmates were trying to play him and use
him and put him in a situation to get what they wanted for their benefit and he
was smart enough to say what do I do, to his supervisor.  She checked with somebody else and they said
go get the map and get the money.  Tell
him you need it up front.  And you know
low [sic] and behold — if he was just trying to work off cases like
the defense is insinuating, he could have just said, hey, these guys are
soliciting me, and written it up and that would be the end of it.  But that’s not what they did.  See, you don’t just have his word.  You have a map with a phone number and a name
on it.  And, ladies and gentlemen, you can’t turn your back on a name and a
phone number because that ties the defendant he could not explain.  Because you know why, nothing makes sense
because —

 

(Emphasis added). 
The closing argument was interrupted at this point by appellant’s counsel’s
objection.  

 “A prosecutor’s comment amounts to an
impermissible comment on a defendant’s failure to testify only if, when viewed
from the jury’s standpoint, the comment is manifestly intended to be, or is of
such character that a typical jury would naturally and necessarily take it to
be, a comment on the defendant’s failure to testify.”  Carballo
v. State, 303 S.W.3d 742, 748 (Tex. App.—Houston [1st Dist.] 2009, no pet.)
(citing  Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); Bustamante v. State, 48 S.W.3d 761, 765
(Tex. Crim. App. 2001)).  

When comparing the present case, we
first note that the prosecutor’s statement here was less direct from that in Carballo, in which we held that the
trial court’s instruction to disregard the comment ameliorated the harm short
of a mistrial.  See 303 S.W.3d at 748 (addressing prosecutor’s remark, “Carballo
[the defendant] didn’t get up on the stand and tell you”).  Here, it is unclear whether the prosecutor’s
statement was referring to the defendant’s failure to testify or appellant’s
trial counsel’s closing argument, but the granting of a mistrial cured any harm.  

          Appellant
points to his motion for directed verdict to show that the prosecutor knew the
case was weak and thus invited the mistrial. 
Specifically, appellant argues that his motion for directed verdict made
the prosecution aware of the legal and factual weaknesses in the case.  Appellant also asserts that “the case barely
survived a motion for directed verdict” and the “trial judge had serious
reservations as to whether the State had proven its case.”  Appellant’s motion related to a question of
law as to whether the public servant’s bringing tobacco onto TDCJ property was
a criminal act, such that the conduct would fit under the statutory definition
of bribery; the trial court denied this motion. 
Any uncertainty that the judge had regarding this question of law would
have no bearing on the State’s motivation to prompt a mistrial.  A mistrial would have no effect on
determinations of questions of law.  Accordingly,
appellant’s motion for directed verdict does not support a finding of
prosecutorial impropriety designed to avoid an acquittal.  

          Similarly,
appellant points to a comment by the trial judge that the case had been “snake
bit from the day it started.”  The court
stated:

Now, members of the jury,
mistrial has been granted in this case which means it’s over with.  The State will have to decide whether or not
they want to represent [sic] the case to another jury.  And I’m sure some of you [sic] going to leave
here today with kind of a bad taste, thought, in your mouth about the
process.  I can understand and I think
that it’s justified.  I’ll tell you I
think this —with all of the difficulties that we’ve had and the times I have sent you
home that I get upset about it.  But I
believe the case — and it happens this way sometimes.  There’s somebody watching over it or it was
snake bit from the day it started. 
That’s no reflection on anybody in this courtroom.  That’s our process.

 

The court’s statement makes it clear that it did not
believe that the State intentionally provoked the mistrial, warranting the
barring of any subsequent prosecutions. 
Instead, the court emphasized that it was no one in the courtroom’s
fault.  The court also indicated that the
State had the option to try appellant again. 
       Appellant also argues that
the prosecutor made little attempt to explain the statement.  However, that assertion misrepresents the
record.  The prosecutor stated at trial
and at the habeas hearing that she did not mean to comment on appellant’s
failure to testify.  The prosecutor
explained that she said it “not intending to violate any rules” and “in
response to the argument of the defendant” that the number and name on the map
“could have come from anywhere.”  Again
at the habeas hearing, the prosecutor testified that she “had no intent to
directly comment on the defendant’s failure to testify.”  The prosecutor explained, “had I used the
words ‘defense counsel could not explain away,’ certainly no harm would have
been done; but because I used the word ‘he’ instead of defense counsel, it put
us in a position where the Court felt like the appropriate remedy would be a
mistrial.”  The prosecutor further
testified that she felt “a simple explanation or charge to the jury that they
disregard that would have been sufficient.” 


          After
the habeas hearing, the same trial judge denied habeas relief and made a
factual finding that “the prosecutor . . . did not intend to provoke or goad
counsel for the defendant in requesting a mistrial.”

          Here,
the evidence, when viewed in favor of the trial court’s ruling, supports the
trial court’s denial of habeas relief.  The
trial court, as the fact finder, chose to believe the prosecutor’s explanation
for the objected-to statement.  Because
the trial court’s findings—particularly those relating to whether the prosecutor’s
conduct was intentional—are based on an evaluation of the prosecutor’s
credibility and demeanor, we defer to the trial court’s findings.  See Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).   In this regard, the trial court found that
the prosecutor had no intent to goad the defense into asking for a
mistrial.  These findings support a
conclusion that, under the standard enunciated in Oregon v. Kennedy, the State’s retrial of appellant is not jeopardy
barred under the federal or state constitutions.  See 456
U.S. at 676, 102 S. Ct. at 2089; see also
Lewis, 219 S.W.3d at 371.

          We
hold that the trial court did not abuse its discretion by denying habeas
relief.  We overrule appellant’s sole
issue on appeal.

 

CONCLUSION

          We
affirm the trial court’s denial of habeas relief.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).