**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00482-CR**
_____

**JUSTIN CAIN TOLAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 22938**

**MEMORANDUM OPINION**

A jury convicted Justin Cain Tolar of credit card abuse, found two enhancement paragraphs to be true, and assessed punishment at twenty years of confinement. In two appellate issues, Tolar challenges the legal sufficiency of the evidence supporting his conviction and contends the State engaged in improper jury argument during the punishment phase of his trial. We affirm the trial court's judgment of conviction.

THE EVIDENCE

The victim, Terry Carr, testified that American Express deactivated his card due to lack of use while he was offshore, and the company told him he had to apply for a new card. Carr never received the new card and never authorized anyone else to use it, but he received a bill that contained several charges. In addition, Carr's bank informed him that American Express e-payments had been used to remove over $5000 from his bank account. Carr testified that the charges made on the card were fraudulent.

Livingston police officer Brandon Brewer testified that he spoke with Carr when Carr contacted the police about receiving an American Express bill that contained unauthorized charges. Brewer obtained a written statement from Carr, made copies of Carr's American Express bill, and instructed Carr to inform American Express of the fraudulent activity. Brewer contacted American Express and requested all of its records regarding Carr's account. American Express gave Brewer a list of all charges that had been made on the account as well as an inbound phone log, which was "the log of every time someone called regarding that account."

Brewer began going to the businesses where Carr's card had been used. One of the people with whom Brewer spoke was Brenda McKee, Walmart's asset protection manager. When Brewer provided McKee the last four digits of Carr's

credit card, the time of the transaction, and the total amount of the transaction, McKee was able to provide a video of the transaction as well as a video of the person who used the card exiting the store. At trial, McKee identified the disc containing the videos, which was admitted as State's Exhibit 11 and played for the jury. Brewer also spoke with the manager at Timewise Chevron, and Brewer and the manager reviewed video footage of the transaction that had been conducted at Timewise with Carr's card. However, Brewer was unable to obtain a copy of the footage from Timewise because by the time the manager received corporate approval to make a copy, something had been recorded over the video and it no longer existed.

Brewer began calling the phone numbers listed on American Express's call log. Brewer eventually noticed a number that appeared several times on the log and determined that the number belonged to a State Farm office owned by Tolar's brother, Marcus, and that inquiry ultimately led to Tolar. Brewer then gave the case to Detective Marty Drake of the Livingston Police Department. Detective Drake testified that he contacted Marcus at his insurance agency and sent Marcus still shots of the suspect from the videos provided by Walmart. Marcus identified the suspect as Tolar.

Marcus testified that two police officers contacted him about telephone calls made from his office, and he learned that they were investigating a case involving

3

fraudulent use of a credit card. Detective Drake emailed pictures of the suspect to Marcus, and Marcus identified the suspect as Tolar. Marcus testified that he eventually watched the video taken at Walmart, and that he is certain that Tolar is the person in the video. Marcus explained that he recognized Tolar's manner of walking.

## ISSUE ONE

In his first issue, Tolar challenges the legal sufficiency of the evidence supporting his conviction. When reviewing the legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The jury is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give deference to the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the offense of credit card abuse if, with intent to fraudulently obtain a benefit, he presents or uses a credit card or debit card with knowledge that the card has not been issued to him and the cardholder has not

4

effectively consented to the card's use. Tex. Penal Code Ann. § 32.31(b)(1)(A) (West 2011). The jury heard evidence that Carr never received his American Express card and did not authorize anyone else to use it, but several charges appeared on Carr's bill and $5000 was removed from Carr's bank account via American Express e-payments. In addition, the jury heard evidence that the investigation of the charges made on the card and the phone calls made to American Express ultimately led the authorities to Tolar, and Tolar's brother identified Tolar as the person depicted on the two videos from Walmart, where the card was used. Viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318-19; *Penagraph*, 623 S.W.2d at 343. Accordingly, we overrule issue one.

## ISSUE TWO

In his second issue, Tolar contends the State engaged in improper jury argument during the punishment phase of his trial. Specifically, Tolar alleges that the State (1) argued outside the record, (2) argued that his past sentences were excessively lenient, (3) urged the jury to consider parole law, and (4) argued about extraneous offenses that were not proven beyond a reasonable doubt.

To preserve error regarding improper jury argument, a defendant generally must (1) make a timely and specific objection; (2) request an instruction that the

jury disregard the statement if the objection is sustained; and (3) move for a mistrial if the instruction is insufficient to remove the prejudice resulting from the argument. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *see also* Tex. R. App. P. 33.1(a). The record reflects that Tolar did not object to any of the allegedly improper jury arguments about which he now complains. Therefore, issue two is not preserved for appellate review. *See Cruz*, 225 S.W.3d at 548; *see also* Tex. R. App. P. 33.1(a). Accordingly, we overrule issue two and affirm the trial court's judgment of conviction.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 18, 2015
Opinion Delivered April 1,2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

6