

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00498-CR

LUIS MIGUEL HERNANDEZ          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1331780D

----------

## DISSENTING OPINION

----------

Of all of the words in modern American English usage, including the slang and the vulgar, the "n-word" is of such infamy that it is generally referenced and understood only by its first letter. And with very few exceptions, such racially-charged inflammatory language has no place in jury argument.

This is certainly the case when a prosecutor, using that language to secure a conviction, goes outside of the record to introduce it. Therefore, I agree with

the majority that the prosecutor's behavior was improper. It was inexcusable. It cannot be condoned. And the trial judge committed error in permitting it. Nevertheless, because we are constrained by precedent of the court of criminal appeals requiring preservation of this type of error, I am compelled to dissent.

At one point in the jurisprudence of the court of criminal appeals, complaints about incurable jury argument did not have to be raised and ruled upon during trial to preserve error for appeal. *See Willis v. State*, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989), *cert. denied*, 496 U.S. 908 (1990), *overruled by Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997). In 1996, however, the court of criminal appeals revisited the idea and held that a defendant's "'right'" not to be subjected to incurable erroneous jury argument is one that is forfeited by a failure to insist upon it. *Cockrell*, 933 S.W.3d at 89.[1] Therefore, absent pursuing his objection to an adverse ruling, an appellant forfeits the complaint even if the argument is egregious and an instruction to disregard could not have cured the harm. *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *see Threadgill v. State*, 146 S.W.3d 654, 666–67 (Tex. Crim. App. 2004); *see also Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).

---

[1]In 2010, the court of criminal appeals recognized that it had overruled *Willis*'s improper-jury-argument exception to the preservation requirement more than a decade before. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010), *cert. denied*, 562 U.S. 1142 (2011).

The record reflects that the trial court never expressly or implicitly ruled on Appellant's inflammatory-language objection. *Cf.* Tex. R. App. P. 33.1(a)(2). And although Appellant requested an instruction to disregard "the comment of Counsel," he did not direct the trial court to which comment he referred, did not request a more specific or comprehensive instruction when the trial court gave a general instruction to disregard, and did not request a mistrial before the prosecutor continued her argument. *See Freeman v. State*, 340 S.W.3d 717, 727–28 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1099 (2012). Because the error here has not been identified by the court of criminal appeals as either absolute or waivable-only and given that the trial court gave an—albeit milquetoast—instruction to disregard in response to Appellant's request for same, in order to complain of error on appeal, it was incumbent upon Appellant to pursue the matter further at the trial court level. The rules require Appellant to pursue his complaint to an adverse ruling[2] in order to preserve the error for our review. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012); *Mays v. State*, 318 S.W.3d 368, 393–94 (Tex. Crim. App. 2010), *cert. denied*, 562 U.S. 1274 (2011). Because Appellant did not, I must dissent, despite my

---

[2]A deficient instruction to disregard does not equate to an adverse ruling because the party who thinks the instruction to disregard was not sufficient must move for a mistrial to preserve the complaint unless the error is either absolute or waivable-only. *See Unkart v. State*, 400 S.W.3d 94, 98–99 (Tex. Crim. App. 2013); *see also Grado v. State*, 445 S.W.3d 736, 741 & n.29 (Tex. Crim. App. 2014).

3

wholehearted agreement with the majority that the prosecutor's conduct in this case went well beyond the bounds of acceptable advocacy.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PUBLISH

DELIVERED: November 3, 2016

4