

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-10-00470-CR**

ARTHUR B. BOONE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Arthur B. Boone of driving while intoxicated (DWI), and the trial court sentenced him to 120 days' incarceration, probated for eighteen months, and a fine of $550. On appeal, Appellant brings three points, arguing that the evidence is insufficient to sustain his conviction and that trial counsel rendered ineffective assistance. Because we hold that the evidence is

---

[1]*See* Tex. R. App. P. 47.4.

sufficient to support the jury's verdict and that Appellant did not meet his burden of proving ineffective assistance at trial, we affirm the trial court's judgment.

**Sufficiency of the Evidence**

In his first point, Appellant challenges the sufficiency of the evidence. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[3] The trier of fact is the sole judge of the weight and credibility of the evidence.[4]

A person commits DWI if he "is intoxicated while operating a motor vehicle in a public place."[5] A person is intoxicated when he does not have "the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body."[6]

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[4]Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[5]Tex. Penal Code Ann. § 49.04(a) (West 2011).

[6]*Id.* § 49.01(2)(A).

Corporal Stephen Myers testified that on the date in question, he was working off-duty in his Fort Worth Police Department uniform at the Main Street Arts Festival in downtown Fort Worth. He saw a minor traffic collision and approached it to investigate. He saw Appellant, whom he identified as one of the drivers, pour out a beer. Myers testified that Appellant's "speech was kind of slurred and slightly incoherent." Myers also said that Appellant's eyes were "bloodshot and watery." Myers attempted to perform the Horizontal Gaze Nystagmus test on Appellant, but, in Myers's opinion, Appellant would not follow the stimulus. Myers also testified that Appellant failed the walk-and-turn and the one-leg-stand tests. Myers concluded that Appellant was intoxicated but conceded that Appellant was not at fault for the wreck.

Appellant's car contained three passengers. The police released his car to one of the passengers after determining that he was not intoxicated.

Officer James Shiderly, an on-duty police officer, arrived at the scene approximately forty minutes after the wreck. He testified that when he arrived, he observed that Appellant had a little bit of a sway, bloodshot, watery eyes, and a moderate amount of alcohol odor. Shiderly transported Appellant to the Fort Worth jail, which took only "a minute or two."

At the jail, Appellant refused a breath test and refused to perform the field sobriety tests again. Myers testified that on the video taken at the police station, which the jury watched, Appellant's "speech is slurred a lot," and he sways in relation to the black line. Myers testified that he did not know what Appellant was

3

normally like. On the video, Appellant can be seen standing and saying that he has physical disabilities. Shiderly testified that if Appellant had taken and passed the breath test, he would have released Appellant. Shiderly also testified, however, that if Appellant had passed the breath test, then Shiderly would have obtained a warrant to draw blood.

Myers concluded that Appellant was intoxicated. The record reflects that Appellant was operating the vehicle on a public street in downtown Fort Worth. Shiderly concluded that Appellant had lost the normal use of his mental or physical faculties as a result of the consumption of alcohol. Finally, the jury was able to observe Appellant on the videotape from the intoxilyzer room.

Applying the appropriate standard of review, we hold that the evidence is sufficient to support the jury's verdict. We overrule Appellant's first point.

**Ineffective Assistance of Counsel**

In his remaining two points, Appellant argues that trial counsel rendered ineffective assistance by failing to object to the State's comment on his failure to testify and by failing to call his passenger, Jimel Teal, as a witness.

In *Strickland v. Washington,* the Supreme Court of the United States established a two-pronged test for determining whether an accused received ineffective assistance of counsel at trial.[7] In order to prevail on a claim of ineffective assistance of trial counsel under this test, an appellant must show that (1) counsel's performance was deficient and (2) the deficiency prejudiced the

_____

[7]466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

4

defense.[8]  The failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel.[9]

Appellant argues that the prosecutor commented on his failure to testify during closing argument and that trial counsel failed to object.  The prosecutor argued,

> [O]nce [Appellant] was arrested, he got back to the—to the station. He had another opportunity in controlled conditions in a room that he could do these field sobriety tests.  Now, it's kind of questionable that at the scene he's willing to do it, but then when we get back to the station, all of a sudden, he has an injury that prevents him from doing these field sobriety tests.  Okay.  It doesn't make logical sense.  I think he kind of already knew, *hey, I didn't do so good the first time around and I'm probably not going to do good the second time around, and I know this place probably has a camera*.  Okay. So, he had another opportunity to do that.  He refused to do that. [Emphasis added.]

In reviewing a claim that the State's jury argument violated a defendant's right against self-incrimination, it is not sufficient that the language used by the prosecutor might be construed as an implied or indirect allusion to the failure to testify.[10]  Here, during both cross-examination and jury argument, Appellant's trial counsel questioned Myers's failure to videotape Appellant at the scene while he performed the field sobriety tests.  In the jail's intoxilyzer room, Appellant was given the opportunity to perform field sobriety tests yet again and declined to do so.  The State's theory was that Appellant elected not to perform field sobriety

---

[8]*Id.*

[9]*Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

[10]*Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007).

tests in the jail because he knew he would be on camera. The State is entitled to respond to a defendant's argument.[11] The prosecutor's statements do not necessarily constitute a comment on Appellant's decision not to take the stand and testify. Consequently, we hold that trial counsel's decision not to object to this argument was not necessarily a failure to object to the State's comment on Appellant's invocation of his right to remain silent. We overrule Appellant's second point.

In his third point, Appellant argues that trial counsel rendered ineffective assistance by failing to call Jimel Teal as a witness. At the hearing on Appellant's motion for new trial, Teal testified that the four people in the car had purchased a single six-pack of beer and had been drinking it at Cobb Park earlier. Teal testified that Appellant was not intoxicated and that he was not at fault in the accident that occurred. Teal testified that he would have testified at Appellant's trial had counsel asked him to do so. Teal said that he had contacted the law firm that represented Appellant at trial and had left his phone number on the law firm's voicemail. No one contacted him, and he did not try again to contact an attorney at the firm.

Lynda Tarwater, Appellant's trial counsel, testified by affidavit that she and Appellant had several in-person meetings to prepare for trial. Natasha Hughes, one of Appellant's passengers the night he was arrested, said that she was the person whom the officer had seen pour out a drink. Tarwater and Appellant

---

[11]*Brown*, 270 S.W.3d at 570–71.

agreed that the better tactic was to offer the testimony of Hughes to present their theory that Appellant was not intoxicated and to "[bring] to light errors in the officers' version of events and [present] a video certainly capable of creating doubt as to [Appellant's] intoxication." Tarwater subpoenaed Hughes and had her sworn as a witness in advance of trial in order to ensure her availability. At trial, however, "new facts emerged," and the officer at the scene testified that Hughes had been loud, belligerent, and uncooperative—in a word, intoxicated. To make matters worse, Hughes "surprisingly came to court inappropriately dressed to take the stand." As trial progressed, Hughes became more agitated and was out of control. Her recollection of the events also continued to change and to become less credible. Both Tarwater and Appellant were concerned about how the jury would perceive Hughes. Neither wanted to take the risk of having her testify, and, according to Tarwater, Appellant alone made the decision not to call Hughes to the stand.

During trial preparation, Appellant and Tarwater had discussed whether the other two passengers would add valuable or factual testimony that would benefit Appellant. They also discussed whether either would be willing to testify for Appellant. Together they decided not to call the other two passengers as witnesses. Tarwater stated that it was not until the day of trial that Appellant mentioned that Teal might be a possible witness. Tarwater doubted that Teal ever called the law firm because there is no voicemail system during business hours. Tarwater reviewed the firm's electronic telephone records, her own

personal electronic telephone records, and Appellant's electronic file where all telephone messages pertaining to this case would have been logged. She stated, "There is no record of a phone call ever having been received or a message ever having been left by Mr. Teal." She also stated that the law firm had no address or phone number for Teal.

Matt Peacock, the lawyer who was second chair at Appellant's trial, also testified by affidavit. He testified similarly to Tarwater. C. Mark Nelon, the senior litigator and supervising attorney at the law firm, testified by affidavit. He stated that Tarwater was an excellent attorney who was always prepared and who always prepared methodically for trial.

Applying the appropriate standard of review, we hold that Appellant has not sustained his burden to show that trial counsel rendered ineffective assistance. We overrule Appellant's third point.

**Conclusion**

Having overruled Appellant's three points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 23, 2012