02-10-470-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00470-CR

 

 


 
 
 Arthur B. Boone
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 9 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Arthur B. Boone of driving while intoxicated (DWI),
and the trial court sentenced him to 120 days’ incarceration, probated for eighteen
months, and a fine of $550.  On appeal, Appellant brings three points, arguing that
the evidence is insufficient to sustain his conviction and that trial counsel
rendered ineffective assistance.  Because we hold that the evidence is
sufficient to support the jury’s verdict and that Appellant did not meet his
burden of proving ineffective assistance at trial, we affirm the trial court’s
judgment.

Sufficiency
of the Evidence

In
his first point, Appellant challenges the sufficiency of the evidence.  In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[2] 
This standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[3] 
The trier of fact is the sole judge of the weight and credibility of the
evidence.[4]

A
person commits DWI if he “is intoxicated while operating a motor vehicle in a
public place.”[5]
 A person is intoxicated when he does not have “the normal use of mental or
physical faculties by reason of the introduction of alcohol . . .
into the body.”[6]

Corporal
Stephen Myers testified that on the date in question, he was working off-duty
in his Fort Worth Police Department uniform at the Main Street Arts Festival in
downtown Fort Worth.  He saw a minor traffic collision and approached it to
investigate.  He saw Appellant, whom he identified as one of the drivers, pour
out a beer.  Myers testified that Appellant’s “speech was kind of slurred and
slightly incoherent.”  Myers also said that Appellant’s eyes were “bloodshot
and watery.”  Myers attempted to perform the Horizontal Gaze Nystagmus test on
Appellant, but, in Myers’s opinion, Appellant would not follow the stimulus.  Myers
also testified that Appellant failed the walk-and-turn and the one-leg-stand tests.  Myers concluded that Appellant was
intoxicated but conceded that Appellant was not at fault for the wreck.

Appellant’s
car contained three passengers.  The police released his car to one of the
passengers after determining that he was not intoxicated.

Officer
James Shiderly, an on-duty police officer, arrived at the scene approximately forty
minutes after the wreck.  He testified that when he arrived, he observed that
Appellant had a little bit of a sway, bloodshot, watery eyes, and a moderate
amount of alcohol odor.  Shiderly transported Appellant to the Fort Worth jail,
which took only “a minute or two.”

At
the jail, Appellant refused a breath test and refused to perform the field
sobriety tests again.  Myers testified that on the video taken at the police
station, which the jury watched, Appellant’s “speech is slurred a lot,” and he sways
in relation to the black line.  Myers testified that he did not know what
Appellant was normally like.  On the video, Appellant can be seen standing and
saying that he has physical disabilities.  Shiderly testified that if Appellant
had taken and passed the breath test, he would have released Appellant.  Shiderly
also testified, however, that if Appellant had passed the breath test, then
Shiderly would have obtained a warrant to draw blood.

Myers
concluded that Appellant was intoxicated.  The record reflects that Appellant
was operating the vehicle on a public street in downtown Fort Worth.  Shiderly
concluded that Appellant had lost the normal use of his mental or physical
faculties as a result of the consumption of alcohol.  Finally, the jury was
able to observe Appellant on the videotape from the intoxilyzer room.

Applying
the appropriate standard of review, we hold that the evidence is sufficient to
support the jury’s verdict.  We overrule Appellant’s first point.

Ineffective
Assistance of Counsel

In
his remaining two points, Appellant argues that trial counsel rendered
ineffective assistance by failing to object to the State’s comment on his
failure to testify and by failing to call his passenger, Jimel Teal, as a
witness.

In Strickland
v. Washington, the Supreme Court of the United States established a
two-pronged test for determining whether an accused received ineffective
assistance of counsel at trial.[7]
 In order to prevail on a claim of ineffective assistance of trial counsel
under this test, an appellant must show that (1) counsel’s performance was
deficient and (2) the deficiency prejudiced the defense.[8]
 The failure to make a showing under either prong of the Strickland test
defeats a claim of ineffective assistance of counsel.[9]

Appellant
argues that the prosecutor commented on his failure to testify during closing
argument and that trial counsel failed to object.  The prosecutor argued,

[O]nce [Appellant]
was arrested, he got back to the—to the station.  He had another opportunity in
controlled conditions in a room that he could do these field sobriety tests.  Now,
it’s kind of questionable that at the scene he’s willing to do it, but then
when we get back to the station, all of a sudden, he has an injury that
prevents him from doing these field sobriety tests.  Okay.  It doesn’t make
logical sense.  I think he kind of already knew, hey, I didn’t do so good
the first time around and I’m probably not going to do good the second time
around, and I know this place probably has a camera.  Okay.  So, he had
another opportunity to do that.  He refused to do that.  [Emphasis
added.]

In reviewing
a claim that the State’s jury argument violated a defendant’s right against
self-incrimination, it is not sufficient that the language used by the
prosecutor might be construed as an implied or indirect allusion to the failure
to testify.[10]
 Here, during both cross-examination and jury argument, Appellant’s trial counsel
questioned Myers’s failure to videotape Appellant at the scene while he
performed the field sobriety tests.  In the jail’s intoxilyzer room, Appellant
was given the opportunity to perform field sobriety tests yet again and
declined to do so.  The State’s theory was that Appellant elected not to
perform field sobriety tests in the jail because he knew he would be on camera.
 The State is entitled to respond to a defendant’s argument.[11]
 The prosecutor’s statements do not necessarily constitute a comment on
Appellant’s decision not to take the stand and testify.  Consequently, we hold
that trial counsel’s decision not to object to this argument was not
necessarily a failure to object to the State’s comment on Appellant’s
invocation of his right to remain silent.  We overrule Appellant’s second
point.

In
his third point, Appellant argues that trial counsel rendered ineffective
assistance by failing to call Jimel Teal as a witness.  At the hearing on
Appellant’s motion for new trial, Teal testified that the four people in the
car had purchased a single six-pack of beer and had been drinking it at Cobb
Park earlier.  Teal testified that Appellant was not intoxicated and that he
was not at fault in the accident that occurred.  Teal testified that he would
have testified at Appellant’s trial had counsel asked him to do so.  Teal said that
he had contacted the law firm that represented Appellant at trial and had left
his phone number on the law firm’s voicemail.  No one contacted him, and he did
not try again to contact an attorney at the firm.

Lynda
Tarwater, Appellant’s trial counsel, testified by affidavit that she and
Appellant had several in-person meetings to prepare for trial.  Natasha Hughes,
one of Appellant’s passengers the night he was arrested, said that she was the
person whom the officer had seen pour out a drink.  Tarwater and Appellant
agreed that the better tactic was to offer the testimony of Hughes to present
their theory that Appellant was not intoxicated and to “[bring] to light errors
in the officers’ version of events and [present] a video certainly capable of
creating doubt as to [Appellant’s] intoxication.”  Tarwater subpoenaed Hughes
and had her sworn as a witness in advance of trial in order to ensure her
availability.  At trial, however, “new facts emerged,” and the officer at the
scene testified that Hughes had been loud, belligerent, and uncooperative—in a
word, intoxicated.  To make matters worse, Hughes “surprisingly came to court inappropriately
dressed to take the stand.”  As trial progressed, Hughes became more agitated
and was out of control.  Her recollection of the events also continued to
change and to become less credible.  Both Tarwater and Appellant were concerned
about how the jury would perceive Hughes.  Neither wanted to take the risk of
having her testify, and, according to Tarwater, Appellant alone made the
decision not to call Hughes to the stand.

During
trial preparation, Appellant and Tarwater had discussed whether the other two
passengers would add valuable or factual testimony that would benefit
Appellant.  They also discussed whether either would be willing to testify for
Appellant.  Together they decided not to call the other two passengers as
witnesses.  Tarwater stated that it was not until the day of trial that
Appellant mentioned that Teal might be a possible witness.  Tarwater doubted
that Teal ever called the law firm because there is no voicemail system during
business hours.  Tarwater reviewed the firm’s electronic telephone records, her
own personal electronic telephone records, and Appellant’s electronic file where
all telephone messages pertaining to this case would have been logged.  She
stated, “There is no record of a phone call ever having been received or a message
ever having been left by Mr. Teal.”  She also stated that the law firm had no
address or phone number for Teal.

Matt
Peacock, the lawyer who was second chair at Appellant’s trial, also testified
by affidavit.  He testified similarly to Tarwater.  C. Mark Nelon, the senior
litigator and supervising attorney at the law firm, testified by affidavit.  He
stated that Tarwater was an excellent attorney who was always prepared and who always
prepared methodically for trial.

Applying
the appropriate standard of review, we hold that Appellant has not sustained
his burden to show that trial counsel rendered ineffective assistance.  We
overrule Appellant’s third point.

Conclusion

Having
overruled Appellant’s three points, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED:  February 23,
2012









[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).





[3]Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[4]Tex. Code Crim. Proc. Ann.
art. 38.04 (West 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).





[5]Tex. Penal Code Ann. §
49.04(a) (West 2011).





[6]Id. § 49.01(2)(A).





[7]466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984).





[8]Id.





[9]Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003).





[10]Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007).





[11]Brown, 270 S.W.3d
at 570–71.