

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00279-CR

Filiberto **SIERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8109
Honorable Mary D. Roman, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  June 17, 2015

AFFIRMED

Appellant Filberto Sierra was charged with aggravated sexual assault and felony assault of a family member.  The jury convicted Sierra of aggravated sexual assault and the lesser included offense of assault bodily injury and assessed punishment at fifteen years' and five years' confinement, respectively, in the Institutional Division of the Texas Department of Criminal Justice.  In his sole issue on appeal, Sierra contends the trial court erred in denying his requested mistrial after the prosecutor commented on Sierra's invocation of his right to remain silent.  Although the record supports that the prosecutor's statement was improper, we conclude the error

was harmless and thus, the trial court did not abuse its discretion in denying defense counsel's motion for mistrial.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time of the alleged assault, A.S.[1] was Sierra's wife, but they were no longer living together. On June 30, 2011, A.S. notified San Antonio police officers of an assault by Sierra. A.S. reported that the previous evening, June 29, 2011, Sierra forced his way into her home, verbally and physically assaulted her, threatened her with a knife, and then engaged in non-consensual intercourse with her several times throughout the night. A.S. was able to escape the residence after the siren from a smoke detector alerted and she ran next door to the neighbor's house. Sierra was charged with aggravated sexual assault and felony assault bodily injury.

At trial, the State called several witnesses, including A.S., the investigating officer, the sexual assault nurse examiner, and a forensic DNA analyst. After the State rested its case, the defense called San Antonio Police Detective Robert Vara. Defense counsel offered Defendant's Exhibit #4, a video-recording of Detective Vara's interview of Sierra. The State objected as follows:

> Our objection would be as to hearsay. It is a self-serving statement of the Defendant and an attempt by counsel to hide behind the Fifth Amendment and not subject his [client] to cross-examination.

Without further comment by either counsel, the trial court immediately excused the jury. There was significant discussion on an unrelated issue with the indictment; however, before the jury was brought back into the courtroom, defense counsel asserted the following objection:

> Judge, before [the jury] come[s] in, I did want to address the comment made by counsel in his objection. I think he referred, made reference to the Defendant's right to remain silent in his objection and I certainly want to get on record as objecting to that. And actually, I would ask for a mistrial on that issue.

---

[1] Due to the nature of the offense, we limit our identification of the victim to her initials.

I went back and re-read what he actually said, and [the court reporter] can correct me, what I have in my notes was there was an attempt by the Defendant to hide behind the Fifth Amendment and not subject his client to cross-examination. I think —

. . . .

I don't have to have a ruling right now, but I don't want us to get caught along in the trial. That was where we left off. That's actually when the jury went out, was after he gave that objection.

Without further discussion, the trial court overruled the objection and instructed the bailiff to bring the jury into the courtroom.

Because there was some confusion on whether a portion of the indictment was part of the offense or an enhancement paragraph, the State then read Count II of the indictment and presented evidence of a prior offense through a fingerprint expert. The only other testimony was that of A.S.'s mother, a defense witness, who testified to her opinion that A.S. was not a truthful person.

Defense counsel again proffered Defendant's Exhibit #4 and, outside the presence of the jury, counsel presented their arguments regarding its admissibility. The trial court sustained the State's objection and the exhibit was not admitted into evidence.

The jury convicted Sierra of aggravated sexual assault and assault bodily injury to a family member and assessed punishment at fifteen years' and five years' confinement, respectively, in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

## DENIAL OF MOTION FOR MISTRIAL

Sierra contends the trial court erred in failing to declare a mistrial following an objection by the State that amounted to a comment on Sierra's failure to testify.

### A. Standard of Review

An appellate court reviews a trial court's denial of a motion for mistrial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App.

2000). Under this standard, "[w]e view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Webb*, 232 S.W.3d at 112; *accord Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Wead*, 129 S.W.3d at 129. An appellate court will not "substitute our judgment for that of the trial court"; our determination is limited to "whether the trial court's decision was arbitrary or unreasonable." *Webb*, 232 S.W.3d at 112. A trial court's denial of a motion for mistrial is considered an abuse of discretion "only when no reasonable view of the record could support the trial court's ruling." *Id.*; *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded by statute on other grounds as stated in State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007).

**B.      Preservation of Error**

*1.      Arguments of the Parties*

The State contends Sierra failed to properly preserve his issue for review. The State argues that trial counsel's decision to wait until the jury had been excused to lodge his objection made the objection untimely. The State further maintains that Sierra's failure to request a curative instruction also results in lack of preservation.

The Court of Criminal Appeals' analysis in *Archie v. State*, 221 S.W.3d 695 (Tex. Crim. App. 2007), is instructive.

*2.      Steps Taken by Defense Counsel*

Appellate courts are instructed to "not be hyper-technical in our examination of whether error was preserved." *Archie*, 221 S.W.3d at 698. To preserve error regarding an improper comment by the State, a defendant generally must (1) make a timely and specific objection, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the instruction is insufficient to remove the prejudice resulting from the

- 4 -

argument. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (citing *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)). The sequence of these events, however, "'is not essential to preserve complaints for appellate review.'" *Archie*, 221 S.W.3d at 699 (quoting *Young*, 137 S.W.3d at 69).

Defense counsel lodged his objection during the testimony of defense witness Detective Vara. Detective Vara described the process of taking Sierra's statement and identified the exhibit marked as Defendant's Exhibit #4 as a copy of the video-recording of his interview with Sierra. The State objected based on hearsay.

> Our objection would be as to hearsay. It is a self-serving statement of the Defendant and an attempt by counsel to hide behind the Fifth Amendment and not subject his [client] to cross-examination.

Sierra's counsel immediately objected and the jury was excused. Although there were other discussions held outside the presence of the jury, defense counsel moved for a mistrial prior to any further testimony before the jury. It is worth noting that the objectionable comment was made near the end of the guilt-innocence phase of the trial, with very little additional testimony offered before both sides rested. Finally, the jury charge included the following instruction, which was read in open court by the trial court:

> Our law provides a defendant may testify in his own behalf if he elects to do so. This, however, is a right accorded a defendant; and, in the event he elects not to testify, that fact cannot be taken as a circumstance against him.
>
> In this case, the defendant has elected not to testify; and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

Regardless of the sequence, the effect was the same. Sierra objected to the State's comment, requested a mistrial, and the jury was provided the equivalent of an instruction to disregard. *See Young*, 137 S.W.3d at 69 ("[T]he traditional and preferred procedure for a party to voice its

complaint has been to seek them in sequence—that is, (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient."). Preservation, however, only requires "a timely, specific request that the trial court refuses." *Id*. We, therefore, conclude the error was preserved. *Id*.; *see also Archie*, 221 S.W.3d at 698.

**C.      Direct Comment on Sierra's Failure to Testify**

The State is prohibited from commenting on a defendant's failure to testify; such a comment violates the privilege against self-incrimination and the freedom from compulsion to testify. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). To determine whether a comment constitutes an impermissible reference to a defendant's failure to testify, a court of appeals must decide "whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id.* at 765 (citing *Griffin v. California*, 380 U.S. 609, 613–14 (1965)). The language complained of "must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear." *Id*. A mere "indirect or implied allusion" to the defendant's failure to testify does not violate the defendant's right to remain silent. *Id*.

The prosecutor's comment was neither indirect nor an allusion. To the contrary, the State's remark was specifically directed at Sierra's failure to testify in his defense. *See Snowden v. State*, 353 S.W.3d 815, 823–24 (Tex. Crim. App. 2011) ("[T]he prosecutor's remark about the appellant's lack of remorse in the courtroom was an objectionable comment on the appellant's failure to testify because it highlighted for the jury the appellant's failure to take the stand and claim present remorse."); *Hall v. State*, 13 S.W.3d 115, 117 (Tex. App.—Fort Worth 2000), *pet. dism'd*, 46 S.W.3d 264 (Tex. Crim. App. 2001) (explaining prosecutor's argument that defendant

never showed remorse necessarily referred to his failure to testify). When considered from the jury's perspective, the record supports the State's comment was clearly improper. *See Bustamante*, 48 S.W.3d at 765. We must, therefore, conduct a harm analysis. *See Snowden*, 353 S.W.3d at 818.

## D.     Harm Analysis

On appeal, both Sierra and the State agree any error by the prosecutor was constitutional in nature and this court must analyze the error under Rule 44.2(a). *See* TEX. R. APP. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."). Under Rule 44.2(a), an appellate court must reverse the judgment unless it can conclude "beyond a reasonable doubt that the error did not contribute to [Sierra's] conviction or punishment." *Id.*; *Snowden*, 353 S.W.3d at 818. Our analysis considers

> [h]ow emphatically the prosecutor invited the jury to consider the appellant's failure to testify, whether he repeated the invitation once the appellant's objection was overruled, and how much heft the jury would likely have placed upon that invitation in light of the weight and character of the State's evidence.

*Snowden*, 353 S.W.3d at 822; *accord Whitehead v. State*, 437 S.W.3d 547, 553 (Tex. App.—Texarkana 2014, pet. ref'd).

In *Snowden*, the Court of Criminal Appeals acknowledged the trial court's action in failing to sustain Snowden's objection to the prosecutor's comment reasonably directed the jury to consider Snowden's failure to testify. *See Snowden*, 353 S.W.3d at 824; *accord Whitehead v. State*, 437 S.W.3d 547, 553 (Tex. App.—Texarkana 2014, pet. ref'd). Here, the evidence substantiates that the State's objection was a direct comment on Sierra's failure to testify and even invoked the term "Fifth Amendment." We note, however, the comment was not part of a

calculated closing argument, but was instead a brief objection to an exhibit offered by defense counsel. *Cf. Snowden*, 353 S.W.3d at 824.

Additionally, the comment does not appear to have been repeated at any other point during the trial. *See id.* (error was isolated); *Whitehead*, 437 S.W.3d at 553 (same). The record also supports the trial court specifically provided the jury with a written instruction, on its own page in the jury instructions, that the defendant's failure to testify was not to be held against him. Instructions to the jury will generally cure most improprieties that occur during trial, and we presume that a jury will follow the judge's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Finally, we look at the certainty of conviction absent the comment. *See Snowden*, 353 S.W.3d at 822. The jury heard compelling testimony from A.S. identifying Sierra as the perpetrator. Her testimony was supported by evidence including DNA evidence obtained from a bite mark on A.S. There was further physical evidence of A.S. having been assaulted and sexually assaulted. The record supports that the prosecutor's comment did not inject new or harmful facts into the trial. Thus, with respect to *Snowden*'s final factor, the record clearly supports the State presented a strong case against Sierra and there was significant evidence supporting his conviction. In light of all the evidence, we conclude beyond a reasonable doubt that the prosecutor's one-line comment did not contribute to the determination of Sierra's guilt. *Id*. at 818; *see* TEX. R. APP. P. 44.2(a).

## CONCLUSION

Although the State's comment was improper, we presume the jury followed the trial court's instruction that Sierra's decision not to testify could not be held against him. Furthermore, any potential error was harmless because the comment was an isolated event and there was

overwhelming evidence of Sierra's guilt.  Accordingly, the trial court did not abuse its discretion in denying Sierra's motion for mistrial.

Patricia O. Alvarez, Justice

DO NOT PUBLISH