

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00378-CR

CHAYCE DANIEL HODGES                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
TRIAL COURT NO. 2015-0103M-CR

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Chayce Daniel Hodges of evading arrest or detention with a vehicle, found two habitual felony offender allegations true, and sentenced Hodges to sixty years' confinement. In two points, Hodges challenges the sufficiency of the evidence to support his conviction and argues that the trial court erred by denying his motions for a mistrial and for new trial. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

At around 9:00 p.m. on November 3, 2014, Montague County Sherriff's Deputies Phariss and Greanead were parked at an intersection in their marked patrol vehicle when they observed a motorcycle fail to stop at a stop sign. The deputies activated their vehicle's overhead lights and attempted to initiate a stop, but the driver of the motorcycle, who was also carrying a passenger, "took off." The deputies chased the motorcycle around part of Lake Nocona before it "wrecked out" on the side of the road. When the deputies pulled over, they positioned their vehicle so that its headlights and bright overhead lights illuminated the spot where the motorcycle and its passengers had come to a rest. Deputy Phariss recognized Hodges as the driver of the motorcycle. Instead of complying with the deputies' commands to get on the ground, Hodges briefly paced back and forth before jumping over a barbed-wire fence and fleeing into a wooded area. The deputies did not pursue Hodges, but a warrant issued for his arrest, and he was apprehended sometime later.[2]

In his first point, Hodges argues that the evidence is insufficient to identify him as the driver of the motorcycle that evaded the deputies.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential

---

[2]Police found drug paraphernalia and what they suspected was methamphetamine in a nylon bag that was attached to the motorcycle. Ashley Godwin, the passenger on the motorcycle, was not arrested.

elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

The State has the burden to prove that the defendant committed the offense charged. *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984). Identity may be proved by direct or circumstantial evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009), *cert. denied*, 562 U.S. 850 (2010). The identification testimony of one eyewitness is sufficient to uphold a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).

Officer Phariss testified that he had "known Chayce for a while," that he "clearly saw" him that night, that he "immediately" knew who it was when he saw him, and that there was no possibility that he was mistaken about the identification. Deputy Greanead positively identified Hodges as the driver of the motorcycle, and Godwin, the motorcycle's passenger, confirmed that Hodges was the driver. The evidence is sufficient to identify Hodges as the driver of the motorcycle. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule Hodges's first point.

Hodges argues in his second point that the trial court erred by denying his motions for a mistrial and for new trial. The trial court received a note from the jury during its deliberations asking for permission to watch the video that was recorded by the deputies' vehicle during the chase.[3] The trial court permitted the jury to watch the video, but instead of watching it in the deliberation room, the

_____

[3]The video had previously been admitted into evidence.

3

jury watched the video in the courtroom due to equipment issues. At a point during the video when one of the officers yelled Hodges's first name, one of the prosecutors turned around and repeated Hodges's name to Angela Short, the office manager for the District Attorney's Office, who was seated behind the prosecutor and who had been assisting the parties with the computer during trial. Outside the presence of the jury, Hodges moved for a mistrial, arguing that the prosecutor had

> caused attention to a specific area of th[e] case while the case ha[d] already been closed, the jury is in deliberations, and it's an unfair prejudice against my client for him to have that kind of a reaction in the presence of the jury, thus emphasizing a particular piece of evidence that the defense has no way to rebut because of what he's done.

The trial court denied both Hodges's motion for a mistrial and later-filed motion for new trial, which raised the same ground. Hodges argues that his motions should have been granted because the prosecutor engaged in misconduct by improperly offering "extra record evidence" on the issue of identification after the case was closed and the jury was deliberating. *See* Tex. R. App. P. 21.3(f) (providing that defendant must be granted new trial when, after retiring to deliberate, jury receives other evidence).

We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A mistrial is appropriate only for a narrow class of highly prejudicial and incurable errors and may be used to end trial proceedings when the error is "so prejudicial that expenditure of further time and expense would be wasteful and futile."

4

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We also review a trial court's denial of a motion for new trial for an abuse of discretion. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Id.*

We initially note that the "traditional and preferred procedure" for a party to preserve error in the denial of a motion for a mistrial is to (1) object in a timely manner, (2) request an instruction to disregard, and (3) move for a mistrial. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). A request for an instruction to disregard is not essential to preserve error if the harm caused by the objectionable statement is incurable. *Id.* Hodges did not ask the trial court to instruct the jury to disregard the prosecutor's comment, and there is nothing in the record to indicate that such an instruction would have been ineffective. Hodges thus failed to preserve his argument that the trial court erred by denying his motion for a mistrial. *See id.* Nonetheless, even if Hodges had preserved error, we would hold that the trial court did not abuse its discretion because in no way does the record indicate that the prosecutor engaged in the type of extreme conduct for which a mistrial is appropriate.[4] *See Hawkins*, 135 S.W.3d at 77.

Regarding Hodges's motion for new trial, Short testified at the hearing on the motion that the prosecutor turned around and mentioned Hodges's name

---

[4]The trial court stated, "The Court can only go on its own impressions of what may have been heard or seen by the jury. The Court is going to deny the motion for mistrial."

when the video reached the point at which it had been stopped when first played for the jury. In other words, the prosecutor told Short that the deputy had called out Hodges's first name not in order to draw that fact to the attention of the jury or to bolster the State's evidence on identification, but to advise Short that they were showing a part of the video to the jury that it had not previously seen. Moreover, and notwithstanding Short's testimony, the entire video had been admitted into evidence, not just the part that was previously played for the jury, and there was no evidence that the jury actually heard the prosecutor's comment or was affected by it in any way. The trial court did not abuse its discretion by denying Hodges's motion for new trial.[5] We overrule his second point and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, WALKER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 4, 2016

---

[5]Insofar as Hodges argues that the prosecutor's comment violated his Sixth Amendment right of confrontation, that forfeited argument was not raised at trial or in his motion for new trial. *See* Tex. R. App. P. 33.1(a).