In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00332-CR**
_____

**JONATHAN MATTIX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 23715**

**MEMORANDUM OPINION**

A jury convicted Jonathan Mattix of the offense of continuous sexual assault

of a child, a first-degree felony.[1, 2] *See* Tex. Penal Code Ann. § 21.02 (West Supp.

---

[1] We note that there is a discrepancy in the spelling of Mattix's first name. The name contained in both judgments is "Johnathan Mattix" but listed as "Jonathan Mattix" elsewhere in the record.

[2] The trial court entered a judgment nunc pro tunc which changed the degree of offense contained in the original judgment from "HYBRID FELONY" to "1st DEGREE FELONY" and the statute for offense from "21.02 Penal Code" to "21.02(h) Penal Code[.]"

1

2018).[3] The jury also sentenced him to forty-five years in the TDCJ. *See id.* § 21.02(h). In one issue, Mattix contends the trial court erred in denying his motion for mistrial due to the State's closing argument during the guilt/innocence phase of trial because the State improperly commented on his failure to testify in violation of the Fifth Amendment, Texas Constitution article I, section 10, and article 38.08 of the Code of Criminal Procedure. *See* U.S. CONST. amend. V; Tex. Const. art. I., § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005). We affirm the judgment of the trial court.

## Background

Mattix sexually assaulted C.S.[4] repeatedly over a period beginning on or about November 8, 2014 and ending on or about November 8, 2015. C.S. was twelve when the assaults occurred. At the time, C.S. lived with his biological mother, H.S., and Mattix, the boyfriend of H.S. In these assaults, Mattix forced C.S. to perform oral sex on him, and Mattix performed oral sex on C.S.

The assaults ceased when the police arrested H.S. for a drug offense. After that, C.S. began living with his biological father and stepmother. Shortly after

---

[3] We cite to the current version of the statute, as any amendments do not affect the outcome of this appeal.

[4] To protect the privacy of the minor victim, we refer to him and his family members by their initials.

2

moving in, C.S. told his father what Mattix had been doing. After C.S.'s father reported the misconduct, the Hardin County Sheriff's Office (HCSO) opened an investigation into the allegations involving Mattix. Following the investigation, a grand jury indicted Mattix, alleging he committed the offense of continuous sexual assault of a child against C.S.

HCSO Investigator Dennis Allen testified at trial. He investigated the allegations made by C.S. During his investigation, Allen learned that Mattix had a prior criminal record for sexually assaulting children. The State admitted evidence of three of Mattix's prior convictions at trial. Allen testified that a forensic interviewer specializing in investigating sexual assaults against children interviewed C.S. A nurse also conducted a sexual assault examination (SANE exam) on C.S. While the detective attempted to speak with H.S., she refused to speak with him.

During closing arguments in the guilt/innocence phase of trial, the State's prosecutor argued:

> STATE: The burden of proof is high in this case as it is in a shoplifting case. It's beyond a reasonable doubt. It's not beyond any doubt. It's not beyond all doubt. It's beyond a reasonable doubt. The burden of proof is always on the State. It never shifts to the Defendant. The defense does not have to put on any witnesses or any evidence. However, why didn't they call like a schoolteacher to say that [C.S.] was a liar?
>
> DEFENSE: Oh. Your Honor - -
>
> THE COURT: Sustained. Confine yourself to the Record.

3

DEFENSE: Mistrial, Your Honor.

THE COURT: Denied.

DEFENSE: I need to make a more clear objection on the Record outside the presence of the jury, if I may.

THE COURT: Ladies and gentlemen, if you will step down and return to the jury lounge.

THE COURT: The jury has left the courtroom.

DEFENSE: Your Honor, I understand that "oh" is not an objection. That's about all I could get out. Your Honor, that was a comment on the Defendant's failure to testify. Absolutely impermissible.

THE COURT: Response.

STATE: Judge, I did not make any comment on the Defendant's failure to testify. Rather I just said that they did not have any burden of proof to call anyone and that why didn't they call a schoolteacher. I did not allude to the fact that the Defendant did not testify.

DEFENSE: We don't have to produce a scintilla of evidence, Your Honor.

THE COURT: I have sustained your objection, and I'll instruct [the State] to confine [itself] to the Record and to not mention the Defendant's failure to testify or call any evidence whatsoever.

DEFENSE: How do we cure this in front of the jury? I think you understand my dilemma. I don't think a curing instruction is going to work.

THE COURT: Do you have a motion?

4

DEFENSE: Yes, Your Honor. I would move for a mistrial based upon the prosecution's illegal argument.

THE COURT: Denied.

DEFENSE: Thank you.

Mattix complains on appeal that this statement made by the State during closing argument was improper. Specifically, he contends the trial court's failure to declare a mistrial after the State's argument violated his constitutional rights and Texas Code of Criminal Procedure article 38.08. *See* U.S. CONST. amend. V; Tex. Const. art. I., § 10; Tex. Code Crim. Proc. Ann. art. 38.08.

### Standard of Review

We review a trial court's ruling on a motion for mistrial under an abuse of discretion standard. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). That means we uphold the trial court's decision if it is "within the zone of reasonable disagreement." *See Archie*, 221 S.W.3d at 699 (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). An appellate court reviewing a trial court's denial of a motion for mistrial should focus on the "severity of the misconduct," the trial court's curative measures, and the certainty of conviction absent misconduct. *See Hawkins*, 135 S.W.3d at 77. The trial court's instruction to the jury to disregard will often cure

5

any error. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (citations omitted).

## Analysis

A defendant has a constitutional right not to testify at his trial. *See* U.S. CONST. amend. V; Tex. Const. art. I., § 10. Texas Code of Criminal Procedure article 38.08 likewise provides "[a]ny defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." Tex. Code Crim. Proc. Ann. art. 38.08.

> [A] prosecutor's comment regarding the defendant's failure to testify amounts to an impermissible comment only if, when viewed from a jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify.

*Trevino v. State*, Nos. 09-13-00072-CR, 09-13-00075-CR, 2014 WL 5370663, at *7–8 (Tex. App.—Beaumont Oct. 22, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)). "It is well-settled that the prosecutor, in argument, may comment on the defendant's failure to call certain witnesses." *Bible v. State*, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005) (quoting *O'Bryan v. State*, 591 S.W.2d 464, 479 (Tex. Crim. App. 1979), *cert.*

6

*denied*, 446 U.S. 988 (1980) (concluding State may comment on defendant's failure to call certain witnesses, and it is not an impermissible attempt to shift the burden of proof)); *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (citations omitted) ("We have held that the prosecutor may comment on the defendant's failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify."); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995) ("A mere indirect or implied allusion to the accused's failure to testify does not violate an appellant's rights."); *Livingston v. State*, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987), *cert. denied*, 487 U.S. 1210 (1988) (citations omitted) ("If the language used can be reasonably construed as referring to the appellant's failure to produce testimony or evidence from sources other than himself, reversal is not required.").

The only two witnesses who testified at trial were C.S. and HCSO Investigator Allen, and both of these witnesses were called by the State. The defense called no witnesses in the guilt/innocence phase of the trial. Here, the State's argument did not expressly mention Mattix's failure to testify. Rather, the State acknowledged its burden of proof and questioned why Mattix did not call someone to testify that C.S. was a liar and specifically asked "why didn't they call [someone like] a schoolteacher." When viewing it from a jury's standpoint, we cannot say that the

7

prosecutor's comment was "manifestly intended to be, or is of such character that a typical jury" would perceive it as being a "comment on the defendant's failure to testify." *See Trevino*, 474 S.W.3d at 748–49. We conclude the remarks of the prosecutor during closing, when examined in context, did not impermissibly reference or allude to Mattix's failure to testify.

## Conclusion

The State did not improperly comment on Mattix's failure to testify during its closing argument. Therefore, we conclude the trial court did not abuse its discretion in denying his motion for mistrial. We affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 2, 2019
Opinion Delivered March 14, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.